**In the United States District Court
For the Southern District of Texas
Houston Division**

| | | |
|---|---|---|
| **GIC SERVICES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | Civil Action No. 4:13-CV-567 |
| | § | |
| | § | |
| | § | |
| **FREIGHTPLUS (USA) INC.** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff alleges:

### A. Parties

1.  Plaintiff is GIC Services, LLC.

2.  Defendant is Freightplus (USA) Inc. Defendant may be served with process by serving Steven Townsend, President/C.O.O. Freightplus (USA) Inc., 192 Anderson St., Suite 2501, Marietta, GA 33060.

### B. Jurisdiction and Venue

3.  This is a civil action against Defendant.

4.  Plaintiff's claim arises as a result of Defendant's breach of contract.

5.  Venue is properly laid within this District as the act complained of by Plaintiff were committed or occurred within this District.

### C. Factual Background

6.  On or about December 26, 2012, Plaintiff delivered to Defendant certain Cargo namely; one Tugboat, to be transported by Defendant from Houston, Texas to Lagos, Nigeria.

7.     Plaintiff paid Defendant the required freight charges and Defendant received and accepted the cargo for transportation and gave a Bill of Lading for the cargo to Plaintiff.  A copy of the Bill of Lading is attached and marked, Exhibit A.

8.     On or about December 26, 2012, Defendant indorsed the Bill of Lading and delivered and transferred it to Plaintiff for value.  Plaintiff expected to receive the cargo described in the Bill of Lading on or about January 16, 2013.  At the time of the transaction with Defendant, Plaintiff advised Defendant that the cargo was expected in Lagos at least three (3) days prior to January 21, 2013.  Plaintiff subsequently found out that the ship, Industrial Destiny was never intended for Lagos, despite the representations made on the Bill of Lading.

9.     Plaintiff was the shipper, owner and consignee of the Tugboat for which a Bill of Lading was issued to be transported from Houston, Texas to Lagos, Nigeria, aboard a vessel which was owned, controlled or operated by Defendant.

10.    On or about December 27, 2012, Defendant created a second Bill of Lading which shows that the ship, Industrial Destiny, with Plaintiff's Tugboat was destined for discharge at Warri, Nigeria, Exhibit B.

11.    Plaintiff did not learn of this new development until January 18, 2013.  The material terms and conditions of this new Bill of Lading were not the same as that issued on December 26, 2012.  Plaintiff was surprised to learn of this new development.  Defendant unilaterally created or issued a new Bill of Lading and made changes without contacting or consulting with Plaintiff.  Plaintiff had no knowledge of and did not agree to any of the terms on the second Bill of Lading dated December 27, 2012.  Plaintiff considers Defendant's conduct to be deceptive.

12.    Defendant misrepresented facts to Plaintiff in that Defendant represented that the vessel, Industrial Destiny was sailing for Lagos, Nigeria.  Plaintiff was not going to enter into any

agreement with Defendant, had Defendant disclosed that the vessel was not going to discharge its cargo and Plaintiff's Tugboat in Lagos, Nigeria.

13. On or about January 18, 2013, Plaintiff contacted Defendant concerning the delivery of the cargo. Defendant did not deliver the cargo on January 18, 2013 at Lagos. Instead, Defendant took the Tugboat to a port hundreds of miles away from Lagos. Since that time, Plaintiff has made several demands for the delivery of the Tugboat as contracted. However, Defendant has failed and refused, and still fails and refuses to deliver the cargo to Plaintiff as contracted.

14. Upon seeking to acquire the Tugboat, Plaintiff commenced looking for contracts that would generate income. Plaintiff was able to secure a contract which required Plaintiff to perform on or about January 21, 2013. The contract offered to pay Plaintiff $40,000.00 per day. Plaintiff has lost and continues to lose income on a daily basis since January 21, 2013. Plaintiff's damages continue to increase. Plaintiff may lose the entire contract.

15. Defendant has not provided Plaintiff with any satisfactory or justifiable reason for its non-delivery of the cargo as promised.

16. Plaintiff had arranged for the discharge of said cargo at Lagos, Nigeria. Plaintiff has incurred expenses due to Defendant's breach of contract.

17. Plaintiff believes that Defendant engaged in unconscionable conduct which frustrated the purpose of Plaintiff's business venture. The Bill of Lading dated December 27, 2012 is not a legitimate document. Plaintiff considers Defendant's conduct to be deceptive. Defendant unilaterally issued a new Bill of Lading and made changes without contacting or consulting with Plaintiff. Plaintiff did not agree to any of the terms on the second Bill of Lading.

## D. Statement of the Claim

18.     After Defendant failed to deliver the cargo as contracted, Plaintiff made a claim against Defendant for the delivery of the Tugboat, value of Plaintiff's loss of use of the Tugboat, and demanded payment of Plaintiff's claim.

19.     Plaintiff reasonably believes that Defendant, at the time of dealing with Plaintiff actually knew of the false and misleading statements made to Plaintiff.

20.     Plaintiff has been damaged in the sum of $1,445,000.00 to date by reason of Defendant's failure and refusal to deliver the cargo.

21.     Plaintiff reasonably believes that Defendant, at the time of dealing with Plaintiff actually knew of the false and misleading statements made to Plaintiff.

Plaintiff relied on Defendant's misleading statements to its detriment.

Plaintiff suffered additional damages as a consequence of Defendant's conduct.

Plaintiff believes that Defendant should be punished for such conduct and Plaintiff seeks exemplary damages.

22.     WHEREFORE, Plaintiff prays that this Court:

(i)     Declare that the actions of the Defendant alleged in this complaint were deceptive.

(ii)    Order Defendant to make Plaintiff whole by awarding Plaintiff all damages to which Plaintiff may show itself entitled.

(iii)   Enter judgment for Plaintiff shown by the evidence or that awarded by the jury.

(iv)    Compensate Plaintiff for past and future damages, prejudgment and post judgment interest.

(v)     Award Plaintiff attorney fees and the costs and expenses of this action.

(vi)     Grant such other relief as the Court deems just.

                                      Respectfully submitted,

                                      /s/  Kurt G. Clarke

                                      _____

Kurt G. Clarke  
AD MID: 9917  
SBN: 04316720  
6200 Savoy Drive, Suite 733  
Houston, Texas 77036  
Tel.:  713-779-5500  
Fax:  713-779-6668  
Email:  kgclaw@aol.com