IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GIC SERVICES, LLC, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-0567 |
| § | | |
| FREIGHTPLUS (USA) INC., § | | |
| Defendant. § | | |

# MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 19] filed by Third Party Defendant Industrial Maritime Carriers, LLC ("IMC"), to which Third Party Plaintiff Freightplus (USA), Inc. ("Freightplus") filed a Response [Doc. # 21]. IMC seeks dismissal pursuant to Rule 12(b)(1) or Rule 12(b)(3) of the Federal Rules of Civil Procedure based on a forum selection clause, and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Having reviewed the record and applicable legal authorities, the Court **denies** the Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(3), without prejudice to filing a Motion to Transfer pursuant to 28 U.S.C. § 1404(a).[1]

---

[1] The Motion to Dismiss pursuant to Rule 12(b)(6) and the Motion for Leave to Amend Third Party Complaint [Doc. # 22] are taken under advisement pending resolution of the § 1404(a) issue.

I.      **BACKGROUND**

Plaintiff GIC Services, LLC ("GIC") shipped a tugboat, the M/V REBEL, ("Tugboat") from Houston, Texas to Nigeria. GIC contracted with Freightplus to arrange the shipment. Freightplus contracted with Yacht Path, who contracted with IMC for the shipment. A Bill of Lading from Freightplus properly identified Lagos, Nigeria as the Port of Discharge. *See* House Bill of Lading, Exh. 1 to Complaint [Doc. # 1]. A Bill of Lading issued by IMC identified Warri, Nigeria as the Port of Discharge. *See* IMC Bill of Lading, Exh. 2 to Complaint.

The Tugboat was delivered to Warri. Plaintiff filed this lawsuit against Freightplus, asserting that the Tugboat was to be delivered to Lagos and that, despite numerous demands for delivery of the Tugboat to Lagos, Freightplus failed to deliver the cargo "as contracted." *See* Complaint, ¶ 13. Plaintiff alleges that the failure to deliver the Tugboat to Lagos precluded Plaintiff from complying with its obligations under a contract with a third party to provide the Tugboat beginning in January 2013 for $40,000.00 per day. *See id.*, ¶ 14.

Freightplus filed a Third Party Complaint[2] alleging that its Bill of Lading properly identified Lagos as the Port of Discharge and that the IMC Bill of Lading incorrectly listed Warri as the Port of Discharge. IMC moved to dismiss, based in part of the forum selection clause in the IMC Bill of Lading that provides for disputes to be "exclusively determined by the United States District Court for the Eastern District of Louisiana." *See* IMC Bill of Lading, Exh. 3 to Motion to Dismiss. The Motion to Dismiss pursuant to Rule 12(b)(1) and/or Rule 12(b)(3) of the Federal Rules of Civil Procedure is ripe for decision.

## II.   FORUM SELECTION CLAUSE

The IMC Bill of Lading includes a forum selection clause providing that "any dispute arising out of [the IMC Bill of Lading] shall be exclusively determined by the United States District Court for the Eastern District of Louisiana." *See id.* The Third Party Complaint involves a dispute relating to the shipment of the Tugboat, the shipment that is the subject of the IMC Bill of Lading. As a result, it is clear that the claims in the Third Party Complaint involve a dispute "arising out of" the IMC Bill of Lading.

---

[2] In the Order [Doc. # 15] granting Defendant's Motion for Leave to File Third-Party Complaint, the Court directed counsel for Defendant to file the Third Party Complaint as a separate docket entry. Counsel for Defendant has failed to do so, and the Court again **ORDERS** counsel for Defendant to file the Third Party Complaint as a separate docket entry.

Where, as here, venue would be otherwise proper in this federal district, but an applicable forum selection clause designates a specific federal forum, "a motion to transfer under § 1404(a) is the proper procedural mechanism for enforcing the clause." *See In re Atlantic Marine Const. Co., Inc.*, 701 F.3d 736, 739 (5th Cir. 2012). Consequently, the Court will deny the Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(3), but will allow IMC to file a Motion to Transfer to the Eastern District of Louisiana pursuant to § 1404(a), addressing each of the factors relevant to the § 1404(a) analysis.

### III. CONCLUSION AND ORDER

The proper mechanism for enforcing the forum selection clause in the IMC Bill of Lading is a motion to transfer pursuant to § 1404(a). Until such time as venue is determined, the Court will hold under advisement IMC's Motion to Dismiss pursuant to Rule 12(b)(6) and Freightplus's Motion for Leave to Amend Third Party Complaint [Doc. # 22]. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 19] pursuant to Rule 12(b)(1) or Rule 12(b)(3) is **DENIED** without prejudice to the filing by **October 15, 2013**, of a Motion to Transfer pursuant to § 1404(a), addressing the relevant factors for purposes of the § 1404(a) analysis. Freightplus shall file any response in opposition

to the Motion to Transfer by **November 1, 2013**, and IMC shall file any reply by **November 8, 2013**.  It is further

**ORDERED** that the Motion to Dismiss pursuant to Rule 12(b)(6) and the Motion for Leave to Amend Third Party Complaint [Doc. # 22] are **TAKEN UNDER ADVISEMENT** pending a decision on the § 1404(a) issue.

SIGNED at Houston, Texas, this **18th** day of **September, 2013.**

Nancy F. Atlas
United States District Judge