# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GIC SERVICES, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0567 |
| | § | |
| FREIGHTPLUS (USA) INC., | § | |
|     Defendant/Third Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| INDUSTRIAL MARITIME | § | |
| CARRIERS, LLC, | § | |
|     Third Party Defendant. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Transfer Venue ("Motion") [Doc. # 28] filed by Third Party Defendant Industrial Maritime Carriers, LLC ("IMC"). IMC asks the Court to transfer this case to the United States District Court for the Eastern District of Louisiana pursuant to a forum selection clause in IMC's Bill of Lading. Third Party Plaintiff Freightplus (USA), Inc. ("Freightplus") filed a Response [Doc. # 30], Plaintiff GIC Services, LLC ("GIC") filed a separate Response [Doc. # 31], and IMC filed a Reply [Doc. # 32]. Having reviewed the record and applicable legal authorities, and having considered the arguments presented by counsel at the

hearing on December 10, 2013, the Court **grants** the Motion and **transfers** this case to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a).

## I.     BACKGROUND

Plaintiff GIC shipped a tugboat, the M/V Rebel, ("Tugboat") from Houston, Texas to Nigeria. GIC contracted with Freightplus (a non-vessel operating common carrier or "NVOCC") to arrange the shipment. Freightplus contracted with Yacht Path, who contracted with IMC for the shipment. A Bill of Lading from Freightplus properly identified Lagos, Nigeria as the Port of Discharge. *See* Freightplus Bill of Lading, Exh. 1 to Complaint [Doc. # 1]. A Bill of Lading issued by IMC, however, identified Warri, Nigeria, as the Port of Discharge. *See* IMC Bill of Lading, Exh. 2 to Complaint.

The Tugboat was delivered to Warri. Plaintiff filed this lawsuit against Freightplus, asserting that the Tugboat was to be delivered to Lagos and that Freightplus failed to deliver the cargo to the proper location.

Freightplus filed a Third Party Complaint pursuant to Rule 14(c) of the Federal Rules of Civil Procedure against IMC, alleging that the Freightplus Bill of Lading properly identified Lagos as the Port of Discharge and that IMC's Bill of Lading incorrectly listed Warri as the Port of Discharge. IMC moved to transfer venue for the entire lawsuit based on the forum selection clause in the IMC Bill of Lading that

provides for disputes to be "exclusively determined by the United States District Court for the Eastern District of Louisiana." *See* IMC Bill of Lading, Exh. B to Motion to Transfer. The Motion has been fully briefed and is ripe for decision.

## II. IMC'S ABILITY TO MOVE TO TRANSFER VENUE

Under general third-party practice rules, "a defendant impleaded under Federal Rule of Civil Procedure 14(a) has no standing to raise the defense that venue in the original forum is improper." *See Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749, 764 (N.D. Cal. 2004) (citing *One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 828-29 (E.D. Va. 2004)).

In this case, however, Freightplus filed its Third Party Complaint based in part on Rule 14(c) of the Federal Rules of Civil Procedure. *See* Third Party Complaint [Doc. # 29], p. 6. "Under 14(c), the third-party defendant can use any defenses available to it under Rule 12, including a motion to dismiss for improper venue, against either the plaintiff or the defendant." *Am. Home*, 347 F. Supp. 2d at 764 (quoting *Galapagos Corporacion Turistica "Galatours" S.A. v. Panama Canal Comm'n*, 171 F. Supp. 2d 638, 642 n.5 (E.D. La. 2001)). "Under 14(c), if the defendant impleads a third-party defendant, the suit proceeds as if the plaintiff had initiated the suit against both the defendant as well as the third-party defendant." *Galatours*, 171 F. Supp. 2d at 642; *see also Vogt-Nem, Inc. v. M/V Tramper*, 263 F.

Supp. 2d 1226, 1230 (N.D. Cal. 2002). As a result, IMC is entitled to assert the forum selection clause notwithstanding its status as a third-party defendant.[1]

## III.  VALIDITY OF FORUM SELECTION CLAUSE

In admiralty cases, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *see also Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 239 (5th Cir. 2009); *Galatours*, 171 F. Supp. 2d at 641-42. A forum selection clause "is an indispensable element in international trade, commerce, and contracting' because it allows parties to agree in advance on a forum acceptable to them." *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, __, 130 S. Ct. 2433, 2448 (2010) (internal quotations and citation omitted). Therefore, a forum selection clause in admiralty will be enforced unless enforcement would contravene a strong public policy of the forum in which suit is brought. *Ambraco*, 570 F.3d at 239 (citing *Bremen*, 407 U.S. at 15). Indeed, a party resisting a forum selection clause must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Bremen*, 407 U.S. at 18. The

---

[1] In any event, the Court *sua sponte* can transfer a case pursuant to Rule 1404(a). *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Hess v. Bumbo Int'l Trust*, 2013 WL 4094381, *1 (S.D. Tex. Aug. 13, 2013) (Costa, J.).

party opposing enforcement of a forum selection clause bears a "heavy burden of proof." *Ambraco*. 570 F.3d at 239 (citing *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)).

GIC and Freightplus do not challenge the validity of the forum selection clause; they challenge only its applicability in this case. Absent a showing that enforcement of the forum selection clause would contravene strong public policy in the Southern District of Texas and deprive GIC and Freightplus of their day in court, the Court concludes that the forum selection clause is valid and enforceable.

## IV.   **BINDING EFFECT OF IMC BILL OF LADING**

GIC engaged Freightplus to arrange for the shipment of the Tugboat. Freightplus issued a Bill of Lading [Doc. # 29-4] to GIC, identifying GIC as the "Exporter" for shipment of the Tugboat on the vessel M/V Industrial Destiny. Freightplus issued Forwarding Instructions [Doc. # 29-1] to Yacht Path identifying GIC as the Consignor for shipment of the Tugboat on the Industrial Destiny. Yacht Path issued to Freightplus an Invoice [Doc. # 14-3] and a Booking Note [Doc. # 14-4] for transport of the Tugboat on the Industrial Destiny. IMC issued a Carrier Booking Note [Doc. # 28-2] to Yacht Path, and a Bill of Lading [Doc. # 29-5] identifying GIC as the "Shipper/Exporter," each reflecting shipment of the Tugboat on the Industrial

Destiny. IMC's Bill of Lading contains the forum selection clause. *See* Bill of Lading Terms and Conditions [Doc. # 28-3], ¶ 4.

In *Norfolk Southern Railway Co. v. Kirby*, the Supreme Court held that an intermediary can agree to limitations on the carrier's liability to the cargo owner and, thereby, bind the cargo owner. *See Kirby*, 543 U.S. 14, 33-34 (2004). The Supreme Court noted that a limited agency rule is consistent with industry practice and produces an equitable result. *See id.* at 35. The Supreme Court noted that carriers in the intercontinental ocean shipping business "may not know if they are dealing with an intermediary, rather than with a cargo owner [and even] if knowingly dealing with an intermediary, they may not know how many other intermediaries came before, or what obligations may be outstanding among them." *Id.* at 34-35. The Supreme Court was concerned that the task of gathering information regarding the existence of intermediaries and the various other contractual obligations "might be very costly or even impossible." *Id.* at 35. This could, in turn, result in higher rates for shipping. *Id.*

Courts, particularly those in the Southern District of New York, have applied the Supreme Court's decision in *Kirby* regarding limitations of liability to cases involving forum selection clauses. *See, e.g., Laufer Group Int'l*, 599 F. Supp. 2d 528, 531 (S.D.N.Y. 2009); *A.P. Moller-Maersk v. Ocean Express Miami*, 550 F. Supp. 2d

454, 465-66 (S.D.N.Y. 2008); *Jockey Int'l, Inc. v. M/V "Leverkusen Express"*, 217 F. Supp. 2d 447, 456-57 (S.D.N.Y. 2002). This Court agrees that the *Kirby* analysis applies equally to forum selection clauses in the admiralty context.

As noted by the New York Court in *A.P. Moller-Maersk*, the NVOCC's "normal commercial role" is agent of the cargo owner. The "failure to recognize a default rule that a freight forwarder's acceptance of a bill of lading binds the cargo owner to a forum selection clause in the bill of lading" would have "the undesirable result" of effectively preventing carriers from contracting for a selected forum. *A.P. Moller-Maersk*, 550 F. Supp. 2d at 465. The cargo owner, however, remains "free to contractually limit intermediaries' authority to agree to contracts with any disagreeable terms – including forum selection clauses and limitations of liability." *Id.* at 466.

In this case, it is undisputed that GIC engaged Freightplus to have the Tugboat shipped to Nigeria. Freightplus contracted with Yacht Path, who made arrangements for IMC to ship the Tugboat subject to IMC's Bill of Lading. Freightplus advised GIC in its Bill of Lading that the Tugboat would be shipped on the Industrial Destiny, IMC's vessel. Based on the Supreme Court's decision in *Kirby* and the extension of that decision to forum selection clauses, the Court concludes that GIC and Freightplus are bound by the forum selection clause in the IMC Bill of Lading.

Additionally, GIC in its Complaint [Doc. # 1] and Freightplus in its Third Party Complaint [Doc. # 14-6] each refer to and attach a copy of the IMC Bill of Lading. By filing a lawsuit under the bill of lading, the cargo owner and the NVOCC accept its terms, including an arbitration or choice of law clause."[2] *See Taisheng Int'l Ltd. v. Eagle Maritime Servs., Inc.*, 2006 WL 846380, *3 (S.D. Tex. Mar. 30, 2006) (Lake, J.) (citing *Steel Warehouse Co., Inc. v. Abalone Shipping Ltd.*, 141 F.3d 234 (5th Cir. 1998)). On this basis also, the Court concludes that GIC and Freightplus are bound by the forum selection clause in the IMC Bill of Lading.

## V. MOTION TO TRANSFER PURSUANT TO § 1404(a)[3]

Where, as here, there is a valid and enforceable forum selection clause providing for venue in a different federal district, the proper mechanism for enforcement of that clause is an adjusted analysis under 28 U.S.C. § 1404(a). *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court*, ___ U.S. ___, 2013 WL 5231157, *11

---

[2] "The Supreme Court has held that an arbitration clause is one type of forum selection clause." *Galatours*, 171 F. Supp. 2d at 642, n.7 (citing *Scherk v. Alberto-Culver*, 417 U.S. 506 (1974); *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 36 (5th Cir. 1997)).

[3] Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

(2013). The plaintiff's choice of forum has no weight, and the party opposing transfer bears the burden to demonstrate that transfer is unwarranted. *Id.*

A "court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."[4] *Id.* at *12. As a result, the Court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.*

The Court may consider only the public interest factors, which "will rarely defeat a transfer motion." *Id.* The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). In this case, court congestion is relatively equal between this

---

[4]The private interest factors in the § 1404(a) analysis are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).

district and the Eastern District of Louisiana. None of the parties is a citizen of Texas, and IMC is a citizen of Louisiana. The Eastern District of Louisiana, as the chosen forum, will apply general maritime law and Fifth Circuit legal authority. As a result, the public interest factors fail to establish that the case should not be transferred to Louisiana.

The § 1404(a) analysis, as modified by the Supreme Court in *Atlantic Marine* for this case involving a forum selection clause, leads to the conclusion that this case should be transferred to the Eastern District of Louisiana in accordance with the forum selection clause in the IMC Bill of Lading.

### III.  CONCLUSION AND ORDER

GIC and Freightplus are bound by the valid forum selection clause in the IMC Bill of Lading. The interest of justice is best served by transfer of this case to the selected forum pursuant to § 1404(a). Consequently, it is hereby

**ORDERED** that the Motion to Transfer [Doc. # 28] is **GRANTED** and this case is **TRANSFERRED** to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a). The Court will issue a separate Transfer Order.

SIGNED at Houston, Texas, this **24th** day of **December, 2013.**

Nancy F. Atlas
United States District Judge