UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GIC SERVICES, LLC                                   CIVIL ACTION

VERSUS                                              NO. 13-6781

FREIGHTPLUS (USA), INC.                             SECTION "C"(2)

### ORDER ON MOTIONS

APPEARANCES:   None (on the briefs)

MOTIONS:   (1)   Third-Party Defendant/Counterclaimant Industrial Maritime Carriers' Combined Motion to Quash and for Protective Order, Record Doc. No. 99
           (2)   Defendant/Third-Party Plaintiff Freightplus's Motion to Compel Responses to Discovery and 30(b)(6) Deposition, Record Doc. No. 102

O R D E R E D:

 (1) : DENIED, subject to the order set out below. Fed. R. Civ. P. 26(c)(1) governs motions for protective orders. The Rule provides in pertinent part:
> A party or any person from whom discovery is sought may move for a protective order . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, . . . for the . . . discovery."

The requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); see also United States v. Talco Contractors, Inc., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

The reasons advanced by IMC in support of this motion – essentially that counsel have an "understanding" that deposition discovery will "begin with the corporate deposition of [plaintiff] GIC," whose counsel "intends to withdraw," leaving GIC to be unrepresented at any deposition and posing the prospect of repeated depositions, Record Doc. No. 99-1 at pp. 2-3 – wholly fail to make the particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements required by Terra to

support issuance of the requested protective order. "Unless, on motion, the court orders otherwise for the parties' and witness' convenience and in the interest of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(2). Contrary to the speculation in these motion papers, GIC's current counsel has not withdrawn. He may not do so unilaterally or without the court's approval. Local Rule 83.2.11. By copy of this order to Judge Berrigan, in light of GIC's representation history in this case and the fact that it may not proceed without counsel, Sw. Express Co., Inc. v. Interstate Commerce Comm'n, 670 F.2d 53, 54-56 (5th Cir. 1982) (citing 28 U.S.C. § 1654); Donovan v. Road Rogers Country Junction, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984); K.M.A., Inc. v. Gen. Motors Acceptance Corp., 652 F.2d 398, 399 (5th Cir. Unit B 1981), I hereby **RECOMMEND** to Judge Berrigan that if GIC's counsel files a motion to withdraw, it should be **DENIED** so that necessary discovery may proceed without further delay caused by GIC.

Thus, the deposition of the witness Kyle Branting must proceed, but only as ordered by the court below.

 (2) : GRANTED IN PART AND DENIED IN PART. The motion is granted insofar as it seeks an order compelling complete answers from GIC to Freightplus' Interrogatories Nos. 1, 5, 7-12, 14 and 16. The current answers are evasive and/or incomplete. Fed. R. Civ. P. 37(a)(4). GIC must provide Freightplus with full and complete answers to these interrogatories, fully supplemented with all responsive information currently known after GIC's good faith evaluation and inquiry. In addition, the copy of answers to interrogatories provided to me in connection with this motion do not contain the verification, signed under oath by an authorized GIC officer or agent – not its counsel of record, as required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5). The required verification of all interrogatory answers must be provided.

Similarly, the motion is granted insofar as it seeks an order compelling complete responses from GIC to Freightplus' Requests for Production Nos. 2, 5 6, 8, 9, 10, 15, 17, 18, 19, 21 and 23-26. The current written responses are vague and/or incomplete in that they do not assure either Freightplus or the court that all responsive materials in GIC's possession, custody or control have been produced. For example, "See attached . . ." is not a clear response of the type contemplated by Fed. R. Civ. P. 34(b)(2)(B). GIC must provide Freightplus with new, separate written responses to each of these requests, signed pursuant to Fed. R. Civ. P. 26(g), clearly stating either that it has produced all, or that it has no, responsive materials in its possession, custody or control, and must actually produce all responsive materials.

The motion is denied insofar as it seeks an order "compelling plaintiff GIC . . . to respond fully and completely to [movant's] Requests for Admissions . . ." Record Doc.

No. 102 at p. 1. "The pattern of sanctions for Rule 36 is somewhat different from that for the other discovery rules . . . . [A] party who, without good reason, refuses to admit a matter will be required to pay the costs incurred <u>in proving</u> that matter, typically " at trial or in summary judgment motion proceedings. 8B C. Wright, A. Miller, R. Marcus, <u>Federal Practice and Procedure</u>, § 2265 at p. 401 and cases cited at n. 2 (West 2010). GIC has not failed to respond to the requests for admissions. Instead, it has specifically and unconditionally denied each and every request, as permitted by Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it . . ."). Such flat denials are sufficient responses under Rule 36 and require movant to prove the facts that GIC will not voluntarily admit. I cannot determine as an evidentiary matter on the current record that these denials are false or otherwise violate Fed. R. Civ. P. 26(g). However, movant retains its rights to move for sanctions by asserting a later motion if it ultimately proves these matters at trial, on summary judgment or otherwise. Fed. R. Civ. P. 37(c)(2) ("If a party fails to admit what is requested under Rule 36 and <u>if the requesting party later proves a document to be genuine or the matter true</u>, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, <u>incurred in making that proof</u>." (emphasis added)).

      The motion is granted insofar as it seeks an order requiring GIC to appear and provide testimony at its Rule 30(b)(6) deposition in response to the notice attached to these motion papers. Record Doc. No. 102-5. The motion is also granted in that GIC must provide written responses and produce all non-privileged materials described in the Rule 30(b)(2) Requests for Production Nos. 1-6 and 14 contained in that notice. The motion is denied, however, insofar as it relates to the Rule 30(b)(2) Requests for Production Nos. 7-13, which appear to be "unreasonably cumulative or duplicative" of the materials also sought in the separate Freightplus requests for production addressed above. Fed. R. Civ. P. 26(b)(2)(C)(i).

      The motion is denied insofar as it seeks an award of attorney's fees and costs incurred in connection with the motion. The motion has been granted in part and denied in part, some discovery responses have been provided, and meritless objections have not been asserted. Under these circumstances, I find that a reasonable apportionment of expenses is for each party to bear its own. Fed. R. Civ. P. 37(a)(5)(C).

\*　\*　\*　\*　\*

      In light of the parties' concerns over the sequence of discovery reflected in these motion papers, **IT IS ORDERED** that the discovery addressed by these motions must now proceed as follows:

      All additional discovery responses ordered above, including new written responses, the verification of all interrogatory answers, written responses to the Rule

3

30(b)(2) Requests for Production Nos. 1-6 and 14, and the actual production of all additional materials responsive to the requests for production, if any, must be provided by GIC to Freightplus no later than **August 20, 2014**.

Immediately upon receipt of this order, all counsel must meet and confer together and in good faith – in person or by telephone conference, <u>not</u> by letter or email – and agree upon a mutually convenient place, time and date, (1) which must be after August 21 but before September 12, 2014, for the Rule 30(b)(6) deposition of GIC; and (2) which must be after September 13 but before September 30, 2014, for the deposition of Kyle Branting. Counsel for IMC must confer with Branting to insure that the date, place and time selected for his deposition are convenient for the witness.

After conferring among themselves, counsel must forward to me, no later than **August 13, 2014**, for filing in the record, a letter confirming their written agreement concerning the scheduling of these two depositions. If counsel cannot agree upon the scheduling of these depositions, the court will impose a schedule upon them that is convenient for the court and the third-party witness.

New Orleans, Louisiana, this \_\_\_\_6th\_\_\_\_ day of August, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. HELEN G. BERRIGAN**