UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GIC SERVICES, LLC | CIV. A. 13-6781 |
| VERSUS | SECTION "C"(2) |
| FREIGHTPLUS (USA), INC. | HON. HELEN BERRIGAN |

**ORDER**

Before the Court is defendant and third party plaintiff Freightplus (USA), Inc.'s ("Freightplus'") motion to stay judgment either without or with reduced supersedeas bond. *See* Rec. Doc. 223. The Court partially granted and partially denied Freightplus' ex parte motion to expedite consideration of the motion. *See* Rec. Docs. 224 and 225. Plaintiff GIC Services, LLC ("GIC") objects to the motion. *See* Rec. Doc. 226. For the following reasons, the Court now DENIES Freightplus' motion without prejudice.

I. **Background**

The Court recites only the background pertinent to the disposition of this motion and otherwise adopts the background provided in its prior opinions. *See, e.g.*, Rec. Doc. 221 at 1–3. On September 29, 2015, the Court issued a second amended judgment awarding GIC damages of $1,811,385 against Freightplus plus prejudgment interest at the rate of 5% per annum from January 17, 2013, until July 31, 2015. *See* Rec. Doc. 222. The second amended judgment also awarded third-party plaintiff Industrial Maritime Carriers, LLC $70,309.15 against Freightplus plus prejudgment interest calculated at the rate of 5% per annum from January 17, 2013, until July 31, 2015. *See id.* Finally, the second amended judgment also issued judgment in favor of Freightplus and against third-party

1

defendant Industrial Maritime Carriers, LLC in the amount of 30% of GIC's awarded damages and prejudgment interest. *See id.*

Although Freightplus has yet to file a notice of appeal, it now moves to stay the Court's second amended judgment pursuant to Federal Rule of Civil Procedure 62(d) and Local Rule 62.2;[1] however, it seeks to do so without requiring Freightplus to post a supersedeas bond or, in the alternative, with a supersedeas bond fixed at the amount of Freightplus' available insurance coverage of roughly $1,408,500. *See* Rec. Docs. 223 and 223-2 at 2. Freightplus contends that, accounting for both of the awards against it and factoring in the 20% interest on those awards, it would have to post a supersedeas bond of $2,258,032.94 in order to fully comply with Local Rule 62.2. *See* Rec. Doc. 223-1 at 4. Freightplus argues that eliminating or lowering the amount of the supersedeas bond requirement is appropriate, because Freightplus will otherwise face an undue financial burden. See *id.* at 4–6.

Freightplus cites to a handful of cases in which courts have used their discretion to modify the typical bond requirement to ensure the policy objective of protecting the judgment creditor, while also lessening the burden on the judgment debtor. *See id.* at 5–6 (citing this Court's decisions in *U.S. v. Owen*, Civ. A. 99-2805, 2000 WL 1876358 (E.D.La. 2000) (J. Berrigan) and *Greater New Orleans Fair Housing Action Center v. St. Bernard Parish*, Civ. A. 06-7185, 2013 WL 5525691 (E.D.La. 2013) (J. Berrigan), as well as *Asarco LLC v. Americas Mining Corp.*, 419 B.R. 737 (S.D.Tex. 2009) and *Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871 (10th Cir. 1986)).

---

[1] Local Rule 62.2 provides that "A supersedeas bond staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs and any damages award, unless the court directs otherwise."

GIC counters that altogether eliminating the bond requirement would fly in the face of Rule 62(d)'s policy. *See* Rec. Doc. 226 at 3 (quoting *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979)). GIC contends that this is particularly the case where Freightplus openly concedes that it is in a financially strained position. *See id.* at 4. GIC argues that only a full supersedeas bond can adequately protect its rights and that Freightplus had not adequately demonstrated that it will suffer an undue burden if required to post the full bond. *See id.* GIC contends that none of the cases cited by Freightplus are analogous to the current one. *See id.* at 4–5. Should the Court find that some equitable modification of the typical bond requirement is appropriate, GIC argues that the Court should require Freightplus to immediately post the amount of its available insurance and then supplement that bond amount on a continuing basis—not to exceed six months—until the full amount is posted. *See id.* at 5–7.

**II.     Standard**

The purpose of Rule 62(d)'s supersedeas bond "is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *See Poplar Grove,* 600 F.2d at 1190–91. Rule 62(d) balances the interest of protecting judgment debtors from satisfying a judgment only to find restitution is impossible upon reversal by an appellate court, with the interest of protecting a nonappealing party from sustained loss resulting from having to wait to collect a judgment pending an ineffectual appeal. *See id.* at 1190.

Should a court choose to depart from the usual requirement of a bond covering the full judgment and interest, the burden is "on the moving party to objectively demonstrate the reasons for such a departure." *See id.* "It is not the burden of the judgment creditor to

initiate contrary proof." *Id.* Any variation is a privilege to the judgment debtor. *See id.* As a general proposition, "the bond requirement will not be waived solely on the basis that it will pose a severe financial hardship on the appellant unless some other form of security is offered." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 2905 (3d ed. 1998). A court, however, exercises discretion in modifying bond requirements, considering a number of factors including: 1) complexity of collecting the judgment; 2) how long it will take to collect in the case the appeal is affirmed; 3) the court's degree of confidence that the judgment debtor can satisfy the judgment; and 4) whether requiring a full bond would put other creditors at risk. *See Greater New Orleans Fair Housing*, 2013 WL 5525691 at *1.

**III.   Discussion**

Without deciding finally whether a deviation from Rule 62(d) and Local Rule 62.2 is in order, the Court concludes that Freightplus has neither sufficiently explained its current financial position and the costs it faces in obtaining a supersedeas bond in the full amount, nor has it presented a proposal for modifying the typical bond requirement that provides adequate security to the judgment creditors in this case. It is apparent from a cursory review of Freightplus' financial statements that the judgments against it represent a significant burden. *See* Rec. Doc. 223-3. Freightplus has not, however, sufficiently detailed the extent of this burden, favoring instead vague statements about the future it faces. *See, e.g.*, Rec. Doc. 223-2 at 2 ("Freightplus *would/may* be forced to *consider* bankruptcy" (emphasis added)); *see also id.* ("Freightplus does not have the *present* financial ability" (emphasis added)). Freightplus must provide a more detailed

4

description not only of its financial position, but also of the specific costs it faces in obtaining a supersedeas bond.

Similarly, Freightplus fails to sufficiently justify its apparently "all or nothing" tact of seeking to either completely eliminate the bond requirement or have the Court flatly reduce the amount of bond by over 33% all without any providing alternative security. As an initial matter, Freightplus fails to adequately explain how either of these drastic modifications could be justified by pertinent case law. Given the circumstances Freightplus purportedly faces and the form of relief it seeks, each case it cites can be readily distinguished. *See Greater New Orleans Fair Housing*, 2013 WL 5525691 (local government capable of demonstrating availability of funds and insurance coverage to satisfy judgment after appeal); *see also Owen*, 2000 WL 1876358 (individual citizen granted waiver of bond requirement with condition that he freeze all asset disposition except for necessary life expenses); *see also Asarco*, 419 B.R. 737 (bankrupt parent company granted modification with requirement that parent company pledge shares equal to twice the value of the judgment).

The most factually analogous case out of those cited by Freightplus is *Miami Intern. Realty Co.. See* 807 F.2d 871. However, in that case the court did not blindly eliminate or reduce the bond requirement after concluding the judgment debtor faced an undue financial burden. *See id.* Instead, the bond requirement modification eventually included a careful arrangement and funding of escrow accounts, an injunction on the judgment debtor's ability to conduct certain transfers of assets, and a court order allowing the judgment creditor discovery to explore the debtor's financial position. *See id.* at 874. Such a modification represents a far more nuanced and fair modification that carefully

accounts for the interests of both judgment debtor and creditor. The modification in *Miami Intern. Realty Co.* is a far cry from the relief sought by Freightplus here.

Should Freightplus wish to obtain a modification of the typical requirements of Rule 62(d) and Local Rule 62.2, it must provide a significantly more thorough description of its financial position. Assuming it can overcome that initial hurdle, Freightplus must then present a significantly more thorough and balanced proposal for modifying the typical requirements of Local Rule 62.2.

Finally, the Court notes that Freightplus has not yet filed an appeal. The Court reminds Freightplus that, by the plain language of Rule 62(d), it will be unable to approve any supersedeas bond or modification without Freightplus at least contemporaneously filing a notice of appeal.

Accordingly,

IT IS ORDERED that Freightplus' motion to stay judgment either without or with a reduced supersedeas bond is DENIED without prejudice; Freightplus may refile a motion to stay judgment with a modification of the bond requirement of Local Rule 62.2, if appropriate. Rec. Doc. 223.

New Orleans, Louisiana, this 28th day of October, 2015

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE