UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GIC SERVICES, LLC                                             CIV. A. 13-6781

VERSUS                                                              SECTION "C"(2)

FREIGHTPLUS (USA), INC.                                HON. HELEN BERRIGAN

**ORDER**

Before the Court is the Rule 60(b) motion of third-party defendant and counterclaimant Industrial Maritime Carriers, LLC ("IMC") for reconsideration of the Court's judgment dated September 29, 2015. *See* Rec. Doc. 227; *see also* Rec. Doc. 222. The motion is opposed by GIC Services, LLC ("GIC"). *See* Rec. Doc. 236.

IMC contends that it has discovered new evidence—an October 2015 invoice and correspondence—that demonstrates the Court erred when it found the invoice contained in Trial Exhibit 101 to be a more credible summary of the costs of releasing the M/V REBEL from storage in Warri than the invoice contained in Trial Exhibit 117. *See* Rec. Doc. 227-2 at 4–6. IMC contends that GIC was aware of the invoice and its precursors, which represent the true cost of storing the M/V REBEL while also representing that Trial Exhibit 101 was accurate. *See id.* at 5.

Rule 60(b) imposes "exacting substantive requirements" on the party seeking relief. *See Levespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173–74 (5th Cir. 1990); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 483 (5th Cir. 2004) (comparing Rule 59(e) and Rule 60(b)). Here, the Court is not persuaded that IMC has satisfied those exacting requirements or presented the evidence necessary for the Court to unsettle its determination "that the Visifi invoice provides a sufficiently credible and

1

detailed summary of the costs of releasing the REBEL from storage in Warri." *See* Rec. Doc. 221 at 7.

Accordingly,

   IT IS ORDERED that IMC's Rule 60(b) motion to reconsider is DENIED. Rec. Doc. 227.

New Orleans, Louisiana, this 29th day of December, 2015

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**