# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

GIC SERVICES, L.L.C.                                           CIVIL ACTION

VERSUS                                                        No. 13-6781

FREIGHTPLUS USA, INC.                                         SECTION I

## ORDER AND REASONS

After a years-long voyage through the federal courts, the Fifth Circuit "drop[ped] anchor at the same destination as the district court," and the case came to its end.[1] Notwithstanding, Industrial Maritime Carriers, LLC ("IMC") invites[2] the Court to raise that anchor and amend the judgment in this matter pursuant to Federal Rule of Civil Procedure 60(b). For the following reasons, the Court declines to do so.

## I.

As the Fifth Circuit aptly summarized: "This case is about a tugboat and its voyage across the Atlantic from Houston to Nigeria."[3] After the tugboat arrived at an unexpected port in Nigeria, a storm of litigation ensued. GIC Services, L.L.C. ("GIC") sued Freightplus USA, Inc. ("Freightplus"), which GIC had hired to arrange for the tugboat's transport to Nigeria. In turn, Freightplus sued IMC, which was also involved in the tugboat's transport.

---

[1] R. Doc. No. 277, at 33.
[2] R. Doc. No. 280.
[3] R. Doc. No. 277, at 3.

Another section of this Court eventually concluded that Freightplus was liable to GIC to the tune of $1,811,385.00 (plus prejudgment interest). [4] At the same time, that section concluded that IMC was liable to Freightplus to the tune of "30% of the $1,811,385.00" (plus 30% of the prejudgment interest).[5]

This case then made its way to the Fifth Circuit. While the appeal was pending, GIC and Freightplus informed the Fifth Circuit that they had reached a settlement as to Freightplus's liability to GIC.[6] According to IMC, the settlement amount was $935,000.00.[7] (The case was also reassigned to this section during this interim period.[8])

The Fifth Circuit proceeded to affirm the judgment in all respects relevant to IMC's present motion. It upheld both the total amount of GIC's damages ($1,811,385.00), as well as the apportionment of those damages between Freightplus (70%) and IMC (30%).[9] Importantly, the Fifth Circuit stated IMC's obligation to Freightplus as "30 percent of the *judgment* in GIC's favor."[10]

After the Fifth Circuit issued its opinion, IMC petitioned for panel rehearing.[11] In its petition, IMC argued, in part, that "[i]n no event should IMC owe 30 percent of the $1.8 million judgment as this would represent an improper

---

[4] R. Doc. No. 222 (second amended judgment).
[5] *Id.*
[6] *See* R. Doc. No. 277, at 6-7; *see also* R. Doc. No. 280-4 (notice of satisfaction of judgment between GIC and Freightplus).
[7] R. Doc. No. 280-1, at 4.
[8] R. Doc. No. 272.
[9] *See* R. Doc. No. 277, at 15-24.
[10] *Id.* at 24 (emphasis added).
[11] *See* R. Doc. No. 282-1.

windfall to Freightplus."[12]  According to IMC's petition, "[i]f an indemnity theory applies" to Freightplus's claim against IMC, "IMC would owe to Freightplus 30 percent of what Freightplus actually paid"—namely, 30% of the settlement amount.[13]  On the other hand, "[i]f contribution applies, IMC would owe to Freightplus any amount Freightplus paid over the 70 percent of the judgment it owed to GIC (if anything)."[14]

The Fifth Circuit denied IMC's petition for rehearing.[15]  IMC then filed the present Rule 60(b) motion, asserting the same arguments concerning indemnification and contribution that IMC asserted in its petition for rehearing.[16]

## II.

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for listed reasons.  Fed. R. Civ. P. 60(b).  IMC argues two of the reasons warrant relief from the judgment that the Fifth Circuit affirmed on direct appeal.  The first is Rule 60(b)(5): "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

The second is Rule 60(b)(6): "any other reason that justifies relief."  However, relief under Rule 60(b)(6) is available "only if extraordinary circumstances are

---

[12] *Id.* at 17.
[13] *Id.*
[14] *Id.*
[15] R. Doc. No. 282-2, at 2.
[16] *See generally* R. Doc. No. 280-1.

present." *Hesling v. CSX Trans., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005) (quoting *Am. Totalisator Co., Inc. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993)) (internal quotation marks omitted).

The Court concludes that neither of these reasons is applicable in this case.[17] First, Rule 60(b)(5) is facially inapplicable. The relevant judgment—IMC's liability to Freightplus for 30% of $1,811,385.00—has not been "satisfied, released, or discharged," nor has any "earlier judgment" on which this judgment was based "been reversed or vacated." Fed. R. Civ. P. 60(b)(5). Further, Rule 60(b)(5)'s third and final clause—"applying [the judgment] prospectively is no longer equitable"— only "provides relief from a final judgment when it is no longer equitable that the judgment shall have prospective application . . . ." *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990). The judgment contested in this instance, however, "has no prospective effect." *Id.* (citing *Cook v. Birmingham News*, 618 F.2d 1149 (5th Cir. 1980)); *cf. Agostini v. Felton*, 521 U.S. 203 (1997) (applying Rule 60(b)(5) in the context of a permanent injunction); *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367 (1992) (same in the context of a consent decree). Rather, it is "a

---

[17] In its opposition to the present motion, Freightplus raises the mandate rule, a specific application of the law of the case doctrine. *See* R. Doc. No. 282, at 1-6; *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). This rule is not jurisdictional, but rather "a discretionary practice" subject to certain exceptions. *Matthews*, 312 F.3d at 657. Because the mandate rule is not jurisdictional, the Court chooses to resolve the motion instead on the Rule 60(b) grounds asserted by IMC, which are the only bases offered by IMC to justify relief from the judgment.

Freightplus also raises the issue of timeliness. *See* R. Doc. No. 282, at 8-9. As with Freightplus's mandate rule argument, this issue need not be addressed to resolve the motion.

present remedy for a past wrong." *Cook*, 618 F.2d at 1152 (internal quotation marks omitted).

IMC is also unable to avail itself of relief via Rule 60(b)(6). The Fifth Circuit "has consistently held that relief under 60(b)(6) is mutually exclusive from relief available under [Rules 60(b)(1)-(5)]." *Hesling*, 396 F.3d at 642 (citing *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971)). Thus, "[t]he reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." *Id.* (citing *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002)).

In its motion, IMC asserts identical reasons as justification for relief under both Rules 60(b)(5) and (6).[18] This fact alone is fatal to IMC's attempt to use Rule 60(b)(6) to convince the Court to revisit the judgment. *Cf. Bailey*, 894 F.3d at 160 ("Bailey also cannot rely on the catch-all clause of Rule 60(b)(6), for that rule cannot be invoked when relief is sought under one of the other grounds enumerated in Rule 60.").

Moreover, this case simply does not present the "extraordinary circumstances" that are a predicate to relief under Rule 60(b)(6). *Id.* (quoting *Am. Totalisator Co.*, 3 F.3d at 815) (internal quotation marks omitted). Another section of this Court found IMC liable to Freightplus for 30% of GIC's loss. The Fifth Circuit upheld the finding.

IMC nevertheless contends that Freightplus's negotiation of a favorable settlement for itself while the appeal was pending entitles it either to a total

---

[18] *See generally* R. Doc. No. 280-1.

discharge from, or a substantial discount on, its liability to Freightplus. IMC presented this argument to the Fifth Circuit in a petition for rehearing, and it denied the petition. The Court will follows its lead.

### III.

The Court will make one last port of call before it disembarks. The Court cannot help but suspect that IMC is seeking to enlist the Court in a mission to amend the Fifth Circuit's opinion in this case. It goes without saying, however, that the Court—as a federal district court—does not possess such remarkable powers. *Cf. Legendre v. Huntington Ingalls Inc.*, No. 17-2162, 2017 WL 2881324, at *2 n.5 (E.D. La. July 6, 2017) (Africk, J.) (citing J.R.R. Tolkien, *The Fellowship of the Ring* bk. 1, ch. 3 (1954)) ("Do not meddle in the affairs of Wizards, for they are subtle and quick to anger.").

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.


New Orleans, Louisiana, October 27, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**